# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| CAROL T. NOSCHES, | * |
| | * No. 16-1657 |
| Petitioner, | * Special Master Christian J. Moran |
| | * |
| v. | * Filed: February 26, 2019 |
| | * |
| SECRETARY OF HEALTH | * Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * ** *

Lisa A. Roquemore, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for Petitioner;
Christine M. Becer, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Petitioner Carol T. Nosches prevailed in her claim brought in the National Childhood Vaccine Compensation Program.  She is now seeking an award for

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

attorneys' fees and costs.  Petitioner is awarded a total of $84,223.51 (representing attorneys' fees and costs of $80,823.51 and petitioner's costs of $3,400.00). The basis for the award and reduction is listed below.

* * *

On December 16, 2016, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 *et seq.,* for injuries sustained from an influenza vaccination administered on or about October 28, 2014, causing her to suffer Guillain-Barré Syndrome ("GBS"). The parties submitted a joint stipulation that was incorporated by a decision awarding petitioners compensation in the amount of $660,634.97. Nosches v. Sec'y of Health & Human Servs., No. 16-1657V, 2018 WL 7139051 (Fed. Cl. Spec. Mstr. Aug. 29, 2018).

On November 15, 2018, petitioner filed a motion for attorneys' fees and costs. ("Fees App").  The motion seeks a total of $89,286.60, comprised of $72,428.30 in attorneys' fees and $13,858.30 in attorneys' costs. Id. at 2.  In compliance with General Order No. 9, petitioner indicates that she has personally incurred costs of $3,763.09 in pursuit of her claim.  Id.

On November 20, 2018, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

* * *

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs.  515 F.3d 1343, 1348 (Fed.

Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

> ### A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests compensation for her attorney, Ms. Lisa Roquemore, at the following rates: $365.00 per hour for work performed in 2015, $400.00 per hour for work performed in 2016, $400.00-$409.00 per hour for work performed in 2017, and $409.00 per hour for work performed in 2018. These rates are consistent with what Ms. Roquemore has previously been awarded for her Vaccine Program work. See B.A. v. Sec'y of Health & Human Servs., No. 11-51V, 2019 WL 460941, at *4 (Fed. Cl. Spec. Mstr. Jan. 10, 2019); J.T. v. Sec'y of Health & Human Servs., No. 12-618V, 2018 WL 4623163, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2018). Accordingly, no adjustment to the rates sought is required.

> ### B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

The undersigned finds it reasonable to reduce petitioners' fees award due to time billed for work considered administrative.  Paralegals billed approximately 10.70 hours for administrative tasks such as preparing exhibits for filing, bates stamping exhibits, and downloading court orders for review when the attorney also billed for review of those same orders.  Fees App. Ex 2.  It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates").  The undersigned reduces the fee application for administrative time in the amount of **$1,463.10**.[2]  Petitioner is therefore awarded **$70,965.20** in attorneys' fees.

## C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioners request a total of $13,858.30 in attorney's costs, consisting of costs expended for postage, copies, and most significantly, the services of Ms. Helen Woodard, M.A. at ReEntry Rehabilitation Services, Inc. for preparation of a life care plan. Fees App. at 2.[3]

Concerning the costs associated with postage and copy-making ($693.06), the undersigned finds the requested amounts reasonable and shall reimburse those costs in full. The amount billed by Ms. Woodard, however, requires some adjustment.

The Vaccine Program's reasonableness standards for attorneys' fees and costs apply equally to experts' fees and costs. Baker v. Sec'y of Health & Human Servs., No. 99-653V, 2005 WL 589431, *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2005).  The same lodestar method is used to determine a reasonable award of

---

[2] Of the approximately 10.7 hours of billed administrative time, the undersigned finds that 9.1 hours were billed from 2016-2017 at a rate of $135.00 per hour, while the remaining 1.7 hours were billed in 2018 at a rate of $138.00.

[3] The invoice for ReEntry Rehabilitation Services, Inc. totals $16,165.24.  Of this amount, Ms. Nosches directly paid $3,000 as a retainer.  The remaining balance ($13,165.24) is eligible for reimbursement as an attorneys' cost. Fees App. at 2.

compensation to the expert. <u>Simon v. Sec'y of Health & Human Servs.</u>, No. 05-914V, 2008 WL 623833, at *1 (Fed. Cl. Spec. Mstr. Feb. 1, 2009); <u>Kantor v. Sec'y of Health & Human Servs.</u>, No. 01-679V, 2007 WL 1032378, at *4-8 (Fed. Cl. Spec. Mstr. March 21, 2007).

Ms. Woodard's billing records suffer from vagueness, an issue which has been previously noted by other special masters. <u>See</u> <u>Desai v. Sec'y of Health & Human Servs.</u>, No. 14-811V, 2018 WL 6819551, at *8 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) (reducing Ms. Woodard's research time by 50% due to vague billing). In the instant matter, Ms. Woodard billed a total of 13.5 hours across seven entries on "Review records" and another 17.75 hours across nine entries on "Life care plan research re: costs" ranging from 1.0 hours billed to 4.5 hours without any differentiation as to what work was actually being done. Fees App. Ex. 9. Entries such as these do not allow the undersigned to assess the reasonableness of the work being performed or the hours expended on this matter. Thus, the undersigned finds that a reduction of 30% to these research hours is reasonable given the overall vagueness. This results in a reduction of **$2,109.37**.[4]

Additionally, Ms. Woodard billed a total of 13.25 hours of travel at her full rate. <u>Id.</u> at 2. The Vaccine Program consistently awards travel time at 50% of a professional's regular billing rate. <u>Hocraffer v. Sec'y of Health & Human Servs.</u>, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); <u>see also</u> <u>O'Neill v. Sec'y of Health & Human Servs.</u>, No. 08-243V, 2015 WL 2399211, at *18-19 (Fed. Cl. Spec. Mstr. April 28, 2015) (reducing a life care planner's rate for travel time). Other special masters have had to reduce Ms. Woodard's billing time for billing travel at her full rate. <u>Desai</u>, 2018 WL 6819551, at *9; <u>Rojas v. Sec'y of Health & Human Servs.</u>, No. 14-1220V, 2017 WL 6032300, at *14 (Fed. Cl. Spec. Mstr. Apr. 5, 2017). Reducing Ms. Woodard's rate for travel results in an additional reduction of **$1,490.62**.

Finally, turning to costs incurred by Ms. Woodard, the undersigned finds the costs related to visiting petitioner to be reasonable, and Ms. Woodard has provided adequate documentation of those costs. However, there is a charge of $400.00 for "File set up fee" which Ms. Woodard has not substantiated. Fees App. Ex. 9 at 4. Without further information, the undersigned cannot ascertain the purpose of this cost nor its reasonableness and it will therefore not be compensated. This results in

---

[4] (13.5 hours + 17.75 hours) * $225.00 per hour = $7,031.25 billed on vague research. $7,031.25 * 0.3 = $2,109.37.

an additional reduction of **$400.00**. For these reasons, a reasonable amount of compensation for ReEntry is **$9,165.25**.

In sum, petitioner is awarded attorneys' costs of **$9,858.31**.

D.     Petitioner's Costs

Petitioner requests reimbursement in the amount of $3,763.09 for costs personally incurred in pursuit of her claim. Fees App. Ex. 6 at 2.  The undersigned finds that the Court's filing fee ($400.00) and the retainer fee paid to petitioner's life care planner ($3,000.00) are reasonable and shall be awarded in full.

Petitioner also requests $363.09 for a new printer and ink cartridges, explaining "I've attached the new printer I had to buy… I literally wore the old one out over all my GBS needs." Id. at 5. The undersigned finds that a new printer and ink are not properly costs incurred in the litigation as contemplated by the Guidelines for Practice in the Vaccine Program.[5] Were counsel to request this cost as a firm cost, it would be disallowed because the cost of a printer and ink are overhead costs not properly charged to a single Vaccine Program case. The instant situation compels the same result – it is impossible for the undersigned to determine how much wear and tear petitioner's printer incurred as a result of this litigation verses any other day-to-day use of the printer, and it is unknown what condition the printer may have been in at the start of litigation. Accordingly, this cost is not properly charged to the Vaccine Program and shall not be reimbursed. Petitioner is therefore entitled to costs of **$3,400.00**.

E.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$80,823.51** (representing $70,965.20 in attorneys' fees and $9,858.31 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her counsel, Ms. Lisa Roquemore, Esq., and a total of **$3,400.00** for petitioner's costs as a lump sum in the form of a check payable to petitioner.

---

[5] The Guidelines can be found at: http://www.cofc.uscourts.gov/sites/default/files/19.01.18%20Vaccine%20Guidelin es.pdf.

6

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.